UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW ORSO AS SUCCESSOR
TRUSTEE TO KENNETH D. BELL IN
HIS CAPACITY AS COURT-APPOINTED
RECEIVER FOR REX VENTURE
GROUP, LLC,

        Plaintiff,

v.                                        Case No. 8:21-mc-53-JSM-SPF

SUSAN SIPE,

        Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff's Motion for Final Judgment in Garnishment (Doc. 21). On March 7, 2022, the Court directed Plaintiff to supplement its motion for final judgment by March 14, 2022, to address whether joint account owners Susan and Kevin Sipe are entitled to the presumption that they hold accounts #xxxx-xx-9398 and #xxxx-xx-1144 as tenants by the entirety under Florida law and, if so, if evidence exists to rebut the presumption (Doc. 27). Plaintiff has not done so, and the deadline has passed. For the reasons stated here, the undersigned recommends that Plaintiff's motion be denied.

## BACKGROUND

On August 14, 2017, the District Court for the Western District of North Carolina,

---

[1] *See Escalona v. Gulf Coast Readers, Inc.*, No. 2:16-cv-302-FTM-38CM, 2018 WL 722830, at *1 (M.D. Fla. Jan. 2, 2018), *report and recommendation adopted*, No. 2:16-cv-302-FTM-38CM, 2018 WL 707056 (M.D. Fla. Feb. 5, 2022) (citing *Briggs v. Action Ctr. Moving & Storage Co.*, No. 6:11-cv-978-Orl-22GJK, 2013 WL 686828 (M.D. Fla. Feb. 8, 2013) and finding that magistrate judges lack jurisdiction to enter judgment for writs of garnishment).

Charlotte Division, entered a final judgment in the amount of $59,252.48 in Plaintiff's favor and against Defendant Susan Sipe.  Plaintiff registered the judgment with the District Court for the Middle District of Florida on April 19, 2021 (Doc. 1).  *See* 28 U.S.C. § 1963.  In July 2021, the Clerk of Court entered a Writ of Garnishment ("the Writ") to Wells Fargo Bank, N.A. (Doc. 7).  Pursuant to Fla. Stat. § 77.041(2), Plaintiff subsequently served a Notice of Garnishment and Certificate of Service upon Defendant (Doc. 14).

In August 2021, Wells Fargo answered the Writ, identifying two bank accounts, #xxxx-xx-9398 and #xxxx-xx-1144, on which Wells Fargo was indebted to Defendant and her joint account owner Kevin Sipe, and stating it was restraining the $2,375.50 contained in those accounts, pursuant to the Writ (Doc. 12).  In accordance with Fla. Stat. § 77.055, Plaintiff served Defendant and Kevin Sipe with a copy of Wells Fargo's answer as well as a notice advising them that they had 20 days to move to dissolve the Writ (Docs. 13, 14).

## DISCUSSION

At this juncture, Plaintiff seeks a final judgment on the writ in the amount of $2,375.50, which represents the amount currently restrained by Wells Fargo (*see* Doc. 21 at 3).  Plaintiff has complied with the notice requirements found in Fla. Stat. §§ 77.041(2) and 77.055, and neither Defendant nor joint account owner Kevin Sipe has filed any response or objection to the Writ or the instant motion.  No other responses, objections, or claims of exemption have been filed with the Court.

Nonetheless, when it comes to joint bank accounts, there is a presumption that the account is held as tenants by the entirety. *Benninghoff v. Potter*, No. 3:10-cv-1113-J-32MCR, 2011 WL 3348079, at *1 (M.D. Fla. Aug. 3, 2011) (granting motion to dissolve writ of garnishment as to accounts held as tenants by the entirety by husband and wife joint account

owners).  And "[u]nder Florida law, a creditor of a single spouse may not execute a judgment on a joint bank account held as tenants by the entirety."  *In re Canovas*, No. 05-44854-BKC-LMI, 2009 WL 2386062, at *1 (Bkrtcy. S.D. Fla. July 31, 2009) (citing *Sunshine Resources, Inc. v. Simpson*, 763 So.2d 1078, 1081-82 (Fla. 4th DCA 1999) and *Balding v. Fleisher*, 279 So.2d 883, 884 (Fla. 3d DCA 1973)).  In such circumstances, the burden shifts to the creditor to prove by a preponderance of the evidence that a tenancy by the entirety was not created.  *Id.* (citing *Beal Bank, SSB v. Almand and Assoc.*, 780 So..2d 45, 58-59 (Fla. 2001)).  The presumption arises for bank accounts titled in the name of both spouses "if the signature card of the account does not expressly disclaim the tenancy by the entireties form of ownership" and so long "as the account is established by husband and wife in accordance with the unities of possession, interest, title, and time and with right of survivorship."  *Beal Bank*, 780 So.2d at 58.

## CONCLUSION

Despite the Court directing it to do so (Doc. 27), Plaintiff has not supplemented its motion to offer evidence rebutting the presumption that the accounts at issue are held by Susan and Kevin Sipe as tenants by the entirety and that, as such, the accounts are not subject to garnishment.  Therefore, the undersigned RECOMMENDS:

(1) Plaintiff's Motion for Final Judgment in Garnishment (Doc. 21) be DENIED.

**IT IS SO REPORTED** in Tampa, Florida on March 30, 2022.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

4

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object under § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions in this Report and Recommendation.  11th Cir. R. 3-1.